**HALL–JONES OIL CORPORATION,**
Appellant,

v.

**CORPORATION COMMISSION of**
Oklahoma, Appellee.

No. 43120.

Supreme Court of Oklahoma.

May 25, 1971.

Ferrill H. Rogers, Oklahoma City, for appellant.

Harvey Cody, Oklahoma City, Conservation Attorney for The Corp. Commission of Okl., for appellee.

BLACKBIRD, Justice:

Appellant is the owner and operator of a well drilled for oil and/or gas exploration known as the Matzek No. 1 in Texas County. Appellant applied to this State's Corporation Commission for permission to use said well for disposing of salt water by injecting it, through the well, into the Cherokee and Morrow Formations, which latter is penetrated by the well at an underground depth of between 4010 and 4255 feet. The Corporation Commission, hereinafter referred to as the "Commission", denied the application, and Appellant, hereinafter referred to as "Applicant", has lodged the present appeal from the order of denial.

There were no protests filed to the Applicant's proposal to transport the salt water to the intended formations through the annulus between the well's 4½ inch casing and its 8⅞ inch casing, which latter extends to an underground depth of 1600 feet. At the hearing on the application before the Commission's Referee, there was no evidence except that introduced by the Applicant. While hearing this, the Referee expressed concern that conditions might arise, or be discovered, which would cause the salt water to get into and pollute

the Ogallala Formation, which is encountered at an unspecified point above the bottom of the well's 8⅝ inch casing.

In the report he made to the Commission, after the close of the hearing before him, the Referee recommended the application's denial; and, after a hearing before the Commission, pursuant to the Applicant's exceptions to the Referee's report, the Commission entered the order Applicant complains of in this appeal.

Before the Commission, Applicant's theory was that none of the salt water injected into the annulus at the wellhead would permeate the Ogallala Formation, since it lies above the 1600-foot bottom of the Matzek well's 8⅝ inch casing; but, in its order, the Commission made the following findings and conclusions:

"4. Salt water, after having been exposed to atmosphere, is corrosive and could corrode through the surface casing, which has been subject to internal wear during the drilling operation. The surface casing was not pressure tested after drilling operations, and in the event of a hole in the surface casing, it is possible to communicate to a permeable zone behind the surface casing. Without an effective seal the injected fluid can travel considerable distances *both upward and downward* to a permeable zone.

"5. Texas County is underlain with a fresh water zone known as the Ogallala, which is the primary source of fresh water used for irrigation and is of extreme value. This zone *is behind* the 8⅝ inch casing and the evidence is insufficient to assure that communication would not be possible with disposal down the annulus between the 8⅝ inch and 4½ inch casing.

"6. Taking into account all the facts, circumstances and evidences appearing in this case, it is concluded that the application should be denied." (Emphasis added.)

Applicant's first proposition for reversal is:

"The order denying the application is unsupported by substantial evidence or any finding of fact which would require or suggest that the application be denied."

In its argument under this proposition, Applicant quotes the findings contained in the Referee's report to the Commission, and refers to them as "the Commission's findings * * *". As counsel for the Commission points out, it is the Commission's findings, rather than its Referee's findings, that are at issue here. Therefore, it is the Commission's findings to which our attention must be directed. Consequently, we will treat the Applicant's arguments as if directed at the Commission's findings and conclusions.

Applicant contends that, on the basis of the evidence, it is not possible for the salt water, directed down the annulus between the 4½ inch and the 8⅝ inch casing to get into the Ogallala, or fresh water bearing, formation, before it reaches a depth Applicant refers to as "some 1300 feet below any fresh water", and that, after reaching this depth, it says the salt water "could not return to any shallower level because of the body of cement around the surface (8⅝ inch) casing." This argument is not responsive to the Commission's hereinbefore quoted finding "4", which is not refuted by the evidence in this case. Applicant's production superintendent, the sole witness before the Commission, did not negate the possibility, or probability, of a hole, or holes, in the surface casing allowing the salt water injected therein to permeate the Ogallala Formation, as shown by the following excerpt from his direct examination:

"Q Well, now, on strictly gravity, what would you say the chances stand of this water going uphill to pollute the Ogallala Sand?

"A Once the water started going on a vacuum, the only way that it would change its course would be for the low zones to plug off for some reason and at that time, it would pressure up. There would have to be some means, the casing

would have to be pressured up, *or split or something* to cause it to go somewhere else." (Emphasis added.)

We think that the Commission's finding "4" is sufficient answer to the following question Applicant poses in his argument under his first proposition:

"* * * which finding of fact can the Commission point to to say that its action in denying the application * * * was either required or suggested?"

■ Applicant cites Appeal of Cummings and McIntyre, Okl., 319 P.2d 602, to support its argument under its Proposition II that the Commission's action in this case was "wholly arbitrary and therefore unlawful." The Cummings case is distinguishable from the present one, in that the Commission there made no such findings as those hereinbefore quoted herein.

In accord with the foregoing, and the argument advanced on behalf of the Commission, it is our opinion that the arguments of the Applicant show no cause for reversing the order appealed from. Said order is therefore affirmed.

All the Justices concur.